CARRIE McHENRY V. BATAVIA BUILDING AND LOAN CO.

1. NO PERSONAL JUDGMENT UNLESS PERSONAL LIABILITY.
   In an action brought to foreclose a mortgage, there can be no personal judg-
   ment against the mortgagor for the amount of the debt secured by the mort-
   gage, or any part thereof, unless the mortgagor is personally liable for such
   debt or for some part of it. If a person executes a mortgage to secure a debt
   for which he has not made himself liable, the mortgagee, so far as the mort-
   gagor is concerned, can look only to the property so mortgaged.
2. BUT PRESUMPTION OF PERSONAL LIABILITY ARISES WHERE PLEAD, AND NOT
   ANSWERED.
   But where a petition alleges that a balance is due, and asks a judgment there-
   for, and a foreclosure, and default is made, and the court finds the amount
   due, and orders its payment, if the debt is not paid by the sale of the land,
   the court is authorized to order the defendant to pay the balance and award
   execution therefor.

ERROR to the Court of Common Pleas of Clermont county.

SMITH, J.

The claim of the plaintiff in error is, that the court of common
pleas erred in entering judgment against her for $475.42, the balance
found to be due to plaintiff on a mortgage executed to it by said Carrie
McHenry, after the sale of the mortgaged premises by order of the court,
and the crediting on the amount due on said mortgage, the part of the
purchase money applicable thereto, and in awarding execution against
her for said balance.

The petition in the case averred among other things, that Carrie
McHenry, one of the defendants, was a member of said company and
the owner of four shares of its capital stock, and that on May 16. 1895,
the company advanced to her $1,480, the estimated value of said $3\frac{7}{10}$
shares of its capital stock as a loan. And that in order to secure the
payment of said sum, said defendant, with her husband, executed to the
plaintiff a mortgage on certain real estate, (describing it) which was duly
recorded. That said mortgage was conditioned to be void, if the said
Carrie McHenry should pay as therein provided until the payments
therein provided to be made by her, should amount to $400 on each share
so borrowed. That she failed to comply with these stipulations, and
that there was a balance due the company of $1,408.76. "Wherefore
plaintiff prays that the equity of redemption of the said defendant in
said premises may be foreclosed; that an account be taken, and that it
may have judgment for the amount found due on its said cause of action;
that said premises may be sold free of all claims of the defendants
herein; and that the proceeds of said sale may be applied to the pay-
ment of the amount due plaintiff, and for such other and further relief as
is proper."

No answer was filed to this petition, and at the trial, January 31,
1898, an entry was made, showing that the same came on for hearing on
the petition and the evidence, and the court found that the defendants
were in default, and that the allegations of the petitioner are confessed
to be true, and that therefore defendants have failed to pay plaintiff, as

set forth in the petition, and that there was then due plaintiff thereon $1,426.70, and it was ordered that unless defendants should pay said amount, and the costs, the property should be sold.

On the twenty-fifth of April, 1898, a final decree was entered in the case, confirming the sale of the real estate, and ordering the distribution of the purchase money, $1,168.65, as follows: First: To the treasurer of the county, the taxes and penalty on the property, $80.49. Second: The costs in the case, $71.23. Third: The court found the amount due on the mortgage up to that date to be $1,492.35, and ordered the sheriff to pay the balance in his hands, $1,016.93 to the plaintiff as a credit on its claim, and that there still was due to the plaintiff $475.42, which it was adjudged by the court that it recover from the defendant, Carrie McHenry, and that execution be awarded therefor.

We have no question, but that in an action brought to foreclose a mortgage, there can be no personal judgment rendered against the mortgagor for the amount of the debt secured by the mortgage, or any part thereof, unless the mortgagor is personally liable for such debt or for some part of it. If a person executes a mortgage to secure a debt for which he has not made himself liable, the mortgagee, so far as the mortgagor is concerned, can look only to the property so mortgaged.

But we are of the opinion, that on the allegations of the petition in this case, and the judgments or decrees of the court, this rule has no application to this case. The petition expressly avers that the plaintiff in error, Carrie McHenry was a member of the company, and owner of four shares of its capital stock, and that on May 16, 1895, the company advanced to her $1,480, the estimated value of her stock, as a loan, to be repaid in a certain way and manner stated therein, which she had failed to do, and that there was a balance due from her of $1,405.76, for which a judgment was asked and a forclosure of the mortgage.

Default having been made, the case was heard on the petition and evidence, What evidence was submitted was not shown, but the court found the amount due on the plaintiff's claim to be $1,426.70. The presumption would be, that the evidence fully supported the claim of plaintiff that the amount received by the defendant was received as a loan to be repaid as stated on the petition.

The debt not being paid by the sale of the land, we think, the court was authorized to make the order it did, finding the balance due from the plaintiff in error, and awarding execution therefor. The judgment will be affirmed, with costs, but without penalty.

*H. J. Nichols*, for plaintiff in error.

*L. J. Walker*, for defendant in error.